**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LISA R. LINEBARGER,

        Plaintiff,

v.

MICHAEL ASTRUE,
COMMISIONER OF
SOCIAL SECURITY,

        Defendant.

CASE NO. 11-12949

HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
<u>GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Before the Court is Defendant's Objections to the Magistrate Judge's Report and Recommendation ("R&R") recommending that Plaintiff Lisa Linebarger's case be remanded for failure of the Administrative Law Judge ("ALJ") to provide sufficient reasons for discounting the opinion of a treating physician. (Doc. 20). Plaintiff responded, arguing that the treating physician's medical opinion should have been afforded greater weight in the ALJ's decision that she is not disabled. (Doc. 21). For the reasons below, the Court **OVERRULES** Defendant's Objections, **ADOPTS** the R&R, **DENIES** Defendant's motion and **GRANTS** Plaintiff's motion.

    **I.    STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history and administrative record, the Court adopts that portion of the R&R as if fully set forth herein. <u>See</u> (Doc. 19 at 1-7).

## II. STANDARD OF REVIEW

### A. Objections to Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either

way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

### III. ANALYSIS

The Magistrate Judge issued a R&R recommending that the case be remanded because the ALJ failed to provide reasons for discrediting the 2010 post-hearing letter of the treating physician, Dr. Gotlib. (Doc. 19 at 17). Specifically, the Magistrate Judge noted the ALJ's rejection of Dr. Gotlib's opinion that "[Plaintiff] is fearful of people and unable to interact with others." (Id. at 20). In his decision, the ALJ found the letter "not

3

entirely consistent with the medical evidence of record and testimony, and therefore is not persuasive." (Id.)

At the administrative hearing, the ALJ complained that Dr. Gotlib's 2009 treatment notes were difficult to read because they consisted primarily of checking boxes and a few scrawled notes at the bottom. (A.R. 34-35). Thus, it was difficult to determine the severity of Plaintiff's symptoms; including "major depression with psychotic features" and that Plaintiff heard voices. (Id.) Therefore, the ALJ allowed Plaintiff to submit an additional opinion from Dr. Gotlib to more fully explain the rationale behind his observations. (A.R. 54). Dr. Gotlib submitted a post-hearing letter in which he mentioned that "the bas[e]s for diagnosis . . . are delusions and hallucinations and depressed mood most of the day" and that "[Plaintiff] hears voices saying, 'son is trying to kill you and my aunt wants me to be in death.'" (A.R. 310). Along with stating that Plaintiff is afraid of people and unable to interact, the letter also stated: "In conclusion, it is my opinion that [Plaintiff] is unable to function in any work environment." (Id.)

Defendant argues that because the ALJ correctly discounted Dr. Gotlib's treatment notes from 2009, he also correctly discounted the post-hearing letter of 2010. (Doc. 20 at 2). The ALJ found no support for Dr. Gotlib's opinion that Plaintiff was afraid of people in the 2009 treatment notes because of vagueness and difficultly in determining the severity of the symptoms from the notes. However, the issue is whether the ALJ provided sufficient reasons for his rejection of the post-hearing letter, not whether he correctly disregarded it. Defendant's reasoning fails because the ALJ adequately described why the 2009 treatment notes were discounted, but did not provide any explanation why the 2010 post-hearing letter was rejected.

4

"[M]edical opinions and diagnosis of treating physicians are entitled to great weight." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ is "not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." Id. In the event the ALJ finds the treating physician's opinion is not entitled to controlling weight, he must consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source" in order to determine how much weight it should be afforded. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must provide sufficiently specific reasons for discounting a treating physician's opinion "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Rogers v. Comm'r Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007).

After reviewing the record, the Court agrees with the Magistrate Judge's recommendation to remand the case. The ALJ did not give controlling weight to the post-hearing letter of Dr. Gotlib, as stated in his decision, because it was "not entirely consistent with the medical evidence of record and testimony and therefore is not persuasive." This is the only reason provided by the ALJ. Under Rogers, the ALJ must provide specific reasons detailing his decision to discount the treating physician's medical opinion. There are no other reasons cited in the ALJ's decision explaining why Dr. Gotlib's post-hearing letter was rejected.

5

The ALJ did not point out any inconsistencies between the post-hearing letter and the rest of the medical evidence. The Magistrate Judge noted that there was evidence in the record to support the conclusions in the letter; namely, "Plaintiff's diagnosis with schizo-affective disorder and major depressive disorder, Dr. Boneff's independent observation that Plaintiff seemed to be 'in questionable touch with reality,' and Plaintiff's own refusal to leave her home to take her son to school." (Doc. 19 at 21).

The Magistrate Judge correctly noted that Dr. Gotlib's opinion that Plaintiff is fearful of people supports the proposition that Plaintiff is unfit to work in any setting involving even limited interaction with others. (Id. at 20). It also materially affects the residual functional capacity ("RFC") of Plaintiff. Dr. Gotlib's letter explicitly concludes that Plaintiff is fearful of people, unable to interact with others, and cannot function in any work environment because of her mental disabilities, which contradicts the portion of the RFC stating that Plaintiff may have limited contact with supervisors and co-workers. (A.R. 21). Therefore, the rejection of the 2010 letter was material to the ALJ's decision that Plaintiff was not disabled. As the Magistrate Judge noted, if the ALJ is unable to support his decision with adequate explanation, then the rejection of the letter may be inappropriate.

The failure of the ALJ to provide sufficient reasons for rejecting the treating physician's opinion renders the decision unsupported by substantial evidence. Rogers, 486 F.3d at 250 ("Specifically, we find that the reasons given for discounting the opinions of [plaintiff's] treating physicians and for finding her subjective complaints not credible were insufficient to constitute substantial evidence."). Therefore, the Court

elects to adopt the R&R and remand the case for further proceedings consistent with this opinion.

In her response, Plaintiff invites the Court to revisit other assertions of error already examined by the Magistrate Judge in her R&R. The Court declines this opportunity. Plaintiff did not object to any portion of the Magistrate's R&R; rather, she offers these assertions as additional reasons for remand. The Magistrate Judge found no other points of error and the Court agrees. Thus, the Court declines to revisit Plaintiffs assertions inconsistent with the analysis therein.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's Objections (Doc. 20), **ADOPTS** the R&R (Doc. 19), **DENIES** Defendant's Motion for Summary Judgment (Doc. 16), and **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. 11).

Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE: September 11, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager